# UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

THE BANCORP, INC., a Delaware
corporation,

        Plaintiff,

v.

BANKFIRST, a South Dakota corporation,
and MARSHALL BANK, N.A., a national
association,

        Defendants.

Civil Action No.:  1:08-cv-00577-JJF

**AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF, MONEY
DAMAGES, AND DECLARATORY
RELIEF**

## AMENDED COMPLAINT

Plaintiff The Bancorp, Inc. ("Bancorp"), by and through its undersigned attorneys, and

for its Amended Complaint against BankFirst and Marshall Bank, N.A. ("Marshall Bank") avers

on knowledge as to itself and its own acts and on information and belief as to all other matters, as

follows:

## NATURE OF THE ACTION

1.      On November 30, 2007, Bancorp purchased the assets of a division of BankFirst

called "Stored Value Solutions."  As part of that transaction, Bancorp deposited $1.5 million in

two accounts at BankFirst as security for Bancorp's financial obligations for certain accounts that

were to be transitioned from BankFirst and Marshall Bank to Bancorp in the months after the

closing.  Once those accounts were transitioned and Bancorp's obligations with respect to those

accounts satisfied, BankFirst and Marshall Bank were required to release the $1.5 million to

Bancorp, with interest.  The accounts were, in fact, transitioned and Bancorp's obligations with

respect to those accounts satisfied.  Despite acknowledging that they are now required to release

Case 1:08-cv-00577-JJF   Document 4   Filed 10/09/08   Page 2 of 17

to Bancorp its $1.5 million with interest, BankFirst and Marshall Bank have wrongfully and maliciously refused to release that money.

**JURISDICTION AND VENUE**

2.      The Court has subject matter jurisdiction under 28 U.S.C. § 1332, due to the fact that the parties have diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3.      In this lawsuit, Bancorp seeks $1.5 million in damages with interest, the return of its $1.5 million with interest, and/or other relief.

4.      Plaintiff The Bancorp, Inc. is a Delaware corporation with its principal place of business at Wilmington, Delaware.  Pursuant to 28 U.S.C. § 1332, Plaintiff The Bancorp, Inc. is a citizen of the State of Delaware for purposes of diversity jurisdiction.

5.      Defendant BankFirst is a South Dakota banking corporation with its principal place of business at Minneapolis, Minnesota.  Pursuant to 28 U.S.C. § 1332, Defendant BankFirst is a citizen of the States of South Dakota and Minnesota for purposes of diversity jurisdiction.

6.      Defendant Marshall Bank, N.A. is a nationally chartered bank located in Minneapolis, Minnesota.  Pursuant to 28 U.S.C. § 1348, Defendant Marshall Bank, N.A. is a citizen of the State of Minnesota for purposes of diversity jurisdiction.

7.      Venue is proper because Defendant BankFirst and Defendant Marshall Bank have contractually consented to the jurisdiction and venue of the federal courts located in Wilmington,

CHL:414837.1/THE024-254530                    - 2 -

Delaware and have waived any objection based upon lack of personal jurisdiction, improper

venue, or forum non conveniens in those courts.

## THE PARTIES

8.      Plaintiff Bancorp is a Delaware corporation with its principal place of business at

Wilmington, Delaware.  Bancorp is a financial holding company which, through its wholly

owned subsidiary, The Bancorp Bank, provides a wide range of financial services and products

through a network of private-label, affinity partnerships nationwide, including customized

Internet banks for affinity partners.

9.       Defendant BankFirst is a South Dakota banking corporation with its principal

place of business at Sioux Falls, South Dakota.  BankFirst is a wholly owned subsidiary of a

bank holding corporation, Marshall BankFirst Corp., which has its principal place of business at

Minneapolis, Minnesota.

10.      Defendant Marshall Bank is a national association with its principal place of

business at Minneapolis, Minnesota.  Marshall Bank is a wholly owned subsidiary of a bank

holding corporation, Marshall BankFirst Corp., which has its principal place of business at

Minneapolis, Minnesota.

## FACTS

**Sale of Stored Value Solutions to Bancorp**

11.      One of BankFirst's divisions and primary business lines was called "Stored Value

Solutions" ("SVS").

12.      SVS issued stored-value cards, similar to debit cards.

13.     Generally, stored value cards represent money on deposit with the issuer, similar to a debit card, although often stored value cards are anonymous, while debit cards are usually issued in the name of individual account holders.  Typical stored value cards include payroll cards, gift cards, reloadable Visa cards and pre-tax benefit cards, which are often used to manage flexible-spending accounts and health-savings accounts.

14.     In particular, SVS' business included a Visa, MasterCard, and Discover stored value sponsorship business, an automated teller machine sponsorship business, and a credit and debit card merchant processing sponsorship business.

15.     On July 13, 2007, Bancorp and BankFirst entered into a "Purchase and Assumption Agreement" (the "Purchase Agreement") by which Bancorp agreed to purchase the assets of the Stored Value Solutions business.

16.     The consideration to be paid for the assets was (i) $48,448,000; (ii) $12,112,000 worth of Bancorp stock (the number of shares to be determined by averaging the closing price of the stock on NASDAQ for the 30 trading days immediately preceding the Closing Date for the transaction); and (iii) the assumption of certain liabilities (the "Assumed Liabilities").

17.     One of the Assumed Liabilities that formed part of the transaction was the assumption by Bancorp of all of BankFirst's obligations relating to demand, savings, and certificate of deposit accounts attributable to the stored value card business.  These accounts were defined as the "Deposit Accounts" under Section 1.3(b) of the Purchase Agreement and were listed in Schedule 1.3(b), which was made an exhibit to the Purchase Agreement.

18.     Under Article 3.6 of the Purchase Agreement, under the heading "Representations and Warranties of Seller," BankFirst represented and warranted that the Deposit Accounts were "accurately identified and listed" on Schedule 1.3(b).

19.     In Article 7.1 of the Purchase Agreement, BankFirst agreed to indemnify and hold Bancorp harmless "from and against all liability . . .  resulting from or arising out of . . . any breach of a representation or warranty in this Agreement (or any of the Exhibits hereto) made by" BankFirst to Bancorp.

20.     Pursuant to the Purchase Agreement, BankFirst was to transfer all of the Deposit Accounts associated with its Stored Value Solutions division as of the close of business on the Closing Date.

21.     Because the dollar amounts in the Deposit Accounts exceeded the total value of the Purchase Price, the parties agreed that BankFirst would transfer to Bancorp the dollar amount of the Deposit Accounts less the cash to be paid for the assets (with certain adjustments relating to interest, an earnest money deposit, fractional shares resulting from the market valuation of the Bancorp stock, and an escrow fund to be held as security for the indemnification obligations of BankFirst).

22.     The Closing Date was set for November 30, 2007.

**The Closing**

23.     Since the amount of deposits in the Deposit Accounts was constantly fluctuating, Bancorp and BankFirst would not know the exact dollar amount of the deposits until the close of business on November 30, 2007.

24.     Therefore, on the day before closing, on November 29, 2007, Bancorp and
BankFirst agreed that in order to properly value the Deposit Accounts as of the Closing Date and
effectuate the closing, they would estimate the deposits on a preliminary basis at $112,000,000
("Estimated Deposits").  Then, on Monday, December 3, 2007, BankFirst would determine the
actual amount of deposits as of the close of business on November 30, 2007 ("Actual Deposits").

25.     If the amount of Actual Deposits ended up greater than the amount of Estimated
Deposits, then BankFirst was to wire to Bancorp the amount of the excess, plus interest.  If the
amount of Actual Deposits ended up less than the Estimated Deposits, then Bancorp was to wire
to BankFirst the amount of the shortfall, plus interest.

26.     At the closing on November 30, 2007, a settlement sheet was prepared reflecting
a transfer of the Estimated Deposits of $112,000,000 from BankFirst to Bancorp, less
$46,448,000 ($48,448,000 minus $2,000,000 which Bancorp agreed to wire directly to the
escrow agent).  This left a net payment from BankFirst to Bancorp of $65,552,000.

**Post-Closing Calculation of the Actual Deposits**

27.     On December 3, 2007, BankFirst calculated the Actual Deposits in the Deposit
Accounts to be $116,859,513.84.

28.     On December 3, 2007, after several adjustments (including the addition of
interest), BankFirst determined that an additional $4,938,048.50 was due to Bancorp pursuant to
the November 29, 2007 agreement and authorized the wiring of that amount to Bancorp.

**The Card Issuance and Servicing Agreements**

29.     Part of the assets transferred to Bancorp under the Purchase Agreement were the Bank Identification Number ("BIN") and Interbank Card Association ("ICA") accounts of the Associations (Visa, MasterCard, and Discover).

30.     Because Bancorp needed to obtain licenses and perform other preparatory work for these accounts, the accounts were not transferred to Bancorp immediately upon closing.

31.     Instead, Bancorp and BankFirst entered into agreements to address the transition of these accounts and the responsibilities between them during the transition period.

32.     On November 30, 2007, Bancorp entered into two separate "Card Issuance and Servicing Agreements" ("Card Agreements") with BankFirst and Marshall Bank.

33.     Essentially, each Card Agreement created a structure for the transition period whereby BankFirst and Marshall Bank would remain members in the Associations (Visa, MasterCard, and Discover) while Bancorp would be responsible for the accounts.

34.     Pursuant to Article 6 of the Card Agreements, Bancorp was to open accounts in Bancorp's name to provide security ("Contingent Settlement Funds") for BankFirst and Marshall Bank in the event that Bancorp failed to meet certain financial obligations under the Card Agreements.

35.     Bancorp did create the reserve accounts in the name of its wholly owned subsidiary, The Bancorp Bank.  These accounts are owned by Bancorp.

36.     Pursuant to the BankFirst Card Agreement, Bancorp opened an account at BankFirst in the amount of $1,000,000, which account is owned by Bancorp.  BankFirst's only

interest in that account was as security for Bancorp's obligations under the BankFirst Card Agreement, as set forth above.

37.     Pursuant to the Marshall Bank Card Agreement, Bancorp opened an account at BankFirst in the amount of $500,000, which account is owned by Bancorp.  Marshall Bank's only interest in that account was as security for Bancorp's obligations under the Marshall Bank Card Agreement, as set forth above.

38.     After the BIN and ICA accounts were transferred to Bancorp and the Card Agreements expired, the reserve accounts were to be released to Bancorp, with interest.

39.     The BIN and ICA accounts were all transferred to Bancorp (or others acting on its behalf) by the end of May 2008 and the Card Agreements expired.

**BankFirst and Marshall Bank Have Admitted that Bancorp is Owed the Contingent Settlement Funds**

40.     Despite this, BankFirst and Marshall Bank have refused to release the Contingent Settlement Funds to Bancorp.

41.     In a July 3, 2008 letter from David W. King, Managing Director of BankFirst, to Frank Mastrangelo, President of The Bancorp Bank (a wholly owned subsidiary of Bancorp), BankFirst admitted that it was obligated to release to Bancorp the two accounts owned by Bancorp.  Specifically, the July 3, 2008 letter admitted that BankFirst was obligated to release to Bancorp: (i) the account established pursuant to the Marshall Bank Card Agreement in the amount of $506,869.23 (plus May and June interest); and (ii) the account established pursuant to the BankFirst Card Agreement in the amount of $1,013,738.47 (plus May and June interest).

## CAUSES OF ACTION REGARDING THE CONTINGENT SETTLEMENT FUNDS

### COUNT I

### BREACH OF CONTRACT AGAINST BANKFIRST AND MARSHALL BANK  FOR REFUSAL TO RELEASE THE CONTINGENT SETTLEMENT FUNDS

42.     Bancorp realleges and incorporates by reference the averments set forth in each of the preceding paragraphs as if fully set forth herein.

43.     On November 30, 2007, Bancorp entered into separate, but virtually identical, Card Agreements with BankFirst and Marshall Bank.

44.     Pursuant to the terms of the Card Agreements, Bancorp deposited $1,500,000 into two accounts at BankFirst as security for Bancorp's performance of its obligations under the Card Agreements.

45.     Bancorp fulfilled all its obligations under the Card Agreements.

46.     By the terms of the Card Agreements, Bancorp is entitled to the release of the Contingent Settlement Funds in the reserve accounts, plus interest.

47.     Bancorp has requested that BankFirst and Marshall Bank release the Contingent Settlement Funds, with interest, as they are required to do under the Card Agreements.

48.     BankFirst and Marshall Bank have acknowledged their obligation to release the Contingent Settlement Funds, but have refused to do so.

49.     As a result of their conduct, BankFirst and Marshall Bank have breached the terms of the Card Agreements.

50.     As a result of BankFirst and Marshall Bank's conduct and breach of contract as aforesaid, Bancorp has suffered damages.

WHEREFORE, Bancorp demands judgment against Defendants BankFirst and Marshall Bank for compensatory damages in the amount of $1,520,607.70, punitive damages, interest, attorneys' fees, costs and such other relief as the Court deems just and equitable.

## COUNT II

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING AGAINST BANKFIRST AND MARSHALL BANK FOR REFUSAL TO RELEASE THE CONTINGENT SETTLEMENT FUNDS

51.     Bancorp realleges and incorporates by reference the averments set forth in each of the preceding paragraphs as if fully set forth herein.

52.     Under Delaware law, which governs the Card Agreements, the implied covenant of good faith and fair dealing attaches to the Card Agreements.

53.     By the aforementioned conduct, Defendants BankFirst and Marshall Bank have breached the duty of good faith and fair dealing.

54.      As a result of BankFirst and Marshall Bank's conduct and breach of the duty of good faith and fair dealing as aforesaid, Bancorp has suffered damages.

WHEREFORE, Bancorp demands judgment against Defendants BankFirst and Marshall Bank for compensatory damages in the amount of $1,520,607.70, punitive damages, interest, attorneys' fees, costs and such other relief as the Court deems just and equitable.

## COUNT III

## BREACH OF FIDUCIARY DUTY AGAINST BANKFIRST AND MARSHALL BANK FOR REFUSAL TO RELEASE THE CONTINGENT SETTLEMENT FUNDS

55.     Bancorp realleges and incorporates by reference the averments set forth in each of the preceding paragraphs as if fully set forth herein.

56.     Bancorp furnished and provided $1,000,000 to Defendant BankFirst and $500,000 to Defendant Marshall Bank as security for Bancorp's obligations under the Card Agreements.

57.     By accepting the Contingent Settlement Funds into accounts at their own banks, BankFirst and Marshall Bank placed themselves in positions of trust and confidentiality with respect to those funds.

58.     Defendants BankFirst and Marshall Bank have willfully and maliciously breached that position of confidence and trust, refusing to release the funds in accordance with the terms of the Card Agreements.

59.     As a direct and proximate result of Defendants' willful and malicious breaches of their fiduciary duties, Plaintiff has sustained financial loss and damage.

WHEREFORE, Bancorp demands judgment against Defendants BankFirst and Marshall Bank for compensatory damages in the amount of $1,520,607.70, punitive damages, interest, attorneys' fees, costs and such other relief as the Court deems just and equitable.

## COUNT IV

## UNJUST ENRICHMENT AGAINST BANKFIRST AND MARSHALL BANK FOR REFUSAL TO RELEASE THE CONTINGENT SETTLEMENT FUNDS

60.     Bancorp realleges and incorporates by reference the averments set forth in each of the preceding paragraphs as if fully set forth herein.

61.     Bancorp deposited $1,500,000 in two accounts at Defendant BankFirst in connection with the maintenance of the BINs and ICAs.

62.     Bancorp had a reasonable expectation of the release of the funds upon the completion of its obligations under the Card Agreements.

63.     Defendants accepted the Contingent Settlement Funds, but have refused to release the funds to Bancorp.

64.     Defendants will be unjustly enriched if they are allowed to keep the benefit of the Contingent Settlement Funds without releasing them to Bancorp.

WHEREFORE, Bancorp demands judgment against Defendants BankFirst and Marshall Bank for compensatory damages in the amount of $1,520,607.70, punitive damages, interest, attorneys' fees, costs and such other relief as the Court deems just and equitable.

## COUNT V

### WRONGFUL APPROPRIATION AGAINST BANKFIRST AND MARSHALL BANK FOR REFUSAL TO RELEASE THE CONTINGENT SETTLEMENT FUNDS

65.     Bancorp realleges and incorporates by reference the averments set forth in each of the preceding paragraphs as if fully set forth herein.

66.     By refusing to release the Contingent Settlement Funds to Bancorp in accordance with the Card Agreements, BankFirst and Marshall Bank intend to wrongfully deprive Bancorp of the use of these funds.

67.     BankFirst and Marshall Bank have no basis under the Card Agreements for setoff or otherwise refusing to release the funds.

68.     Bancorp has not and does not consent to the withholding of these funds.

69.     BankFirst and Marshall Bank have thus wrongfully appropriated the Contingent Settlement Funds.

WHEREFORE, Bancorp demands judgment against Defendants BankFirst and Marshall Bank for compensatory damages in the amount of $1,520,607.70, punitive damages, interest, attorneys' fees, costs and such other relief as the Court deems just and equitable.

## COUNT VI

## INJUNCTIVE RELIEF AGAINST BANKFIRST AND MARSHALL BANK TO RELEASE THE CONTINGENT SETTLEMENT FUNDS TO BANCORP

70.     Bancorp realleges and incorporates by reference the averments set forth in each of the preceding paragraphs as if fully set forth herein.

71.     The Card Agreements are valid, binding contracts.  Bancorp performed all of its obligations pursuant to the Card Agreements.

72.     BankFirst and Marshall Bank are able to perform their obligations pursuant to the Card Agreements as they simply need to release the Contingent Settlement Funds to Bancorp in order to satisfy their obligations to Bancorp.

73.     BankFirst and Marshall Bank have failed to perform their contractual obligations. Defendants BankFirst and Marshall Bank have refused to release the Contingent Settlement Funds to Bancorp and have threatened to continue to refuse to release those funds unless their conduct is immediately enjoined by this Court and they are compelled to do so.

74.     Bancorp's entitlement to the funds is clear and Defendants have admitted that the funds are currently due and owing.

75.     On information and belief, Defendants BankFirst and Marshall Bank have recently declared large losses and BankFirst has put its charter up for sale.  Therefore, Plaintiff Bancorp cannot be fully compensated in damages and is without an adequate remedy at law because the exact amount of damage Bancorp will sustain will be difficult to determine, and Defendants' will be unable to respond in damages.

76.     On information and belief, in November 2007 it was reported that BankFirst had, at that time, $542 million in assets.

77.     On information and belief, in the second quarter 2008, BankFirst declared a loss of $50 million.  In the second quarter alone, therefore, BankFirst lost roughly 10% of its value.

78.     On information and belief, in the first quarter 2008, BankFirst declared a loss of $14 million.

79.     On information and belief, BankFirst and its holding company, Marshall BankFirst Corp. (also the holding company of Marshall Bank), have recently had significant problems with regulators.  In 2007, the Federal Reserve Bank of Minneapolis and the South Dakota Department of Revenue took enforcement action against BankFirst and Marshall BankFirst, citing problems with asset quality, credit administration, management and risk management.  As a result of these problems, the regulators capped BankFirst's loan portfolio and prevented BankFirst from growing its loan portfolio above March 2007 levels.

80.     On information and belief and based on these reported events, it is apparent that BankFirst is not a stable business operation and faces the danger of failing.  If BankFirst fails, Bancorp could lose the majority of its deposits, as Bancorp would not likely be able to recover

any amounts not insured by the Federal Deposit Insurance Corporation from an insolvent and

bankrupt BankFirst.

81.     As a result of Defendants' acts, Bancorp has sustained and will continue to suffer

great and irreparable injury in that Bancorp is presently and will continue to be deprived of the

use and possession of the Contingent Settlement Funds that rightly belong to Bancorp.  If

Defendants become insolvent, Bancorp will risk losing the Contingent Settlement Funds that are

on deposit at BankFirst.

WHEREFORE, Bancorp demands injunctive relief against Defendants BankFirst and

Marshall Bank enjoining Defendants from further refusal to release the Contingent Settlement

Funds to Bancorp and compelling Defendants to release the funds to Bancorp forthwith, with

interest, and requests that the Court award Bancorp attorneys' fees, costs and such other relief as

the Court deems just and equitable.

## CAUSE OF ACTION FOR DECLARATORY JUDGMENT

### COUNTY VII

### DECLARATORY JUDGMENT

82.     Bancorp realleges and incorporates by reference the averments set forth in each of

the preceding paragraphs as if fully set forth herein.

83.     Based on the foregoing allegations, there exists between the parties a substantial

controversy of sufficient immediacy and reality to warrant declaratory relief.

84.     In the July 3, 2008 letter, BankFirst claimed that "mistakes were made in the

closing statement" prepared in connection with the sale of SVS on November 30, 2007 because

certain "Program Manager" deposit accounts were not accounted for in the sale price.

85.     BankFirst claims it is owed $1,753,162.39 as a result of these "mistakes."

86.     BankFirst claims it is entitled to offset this amount against the monies which it admits Bancorp is owed.

87.     Therefore, Defendants' motivation in refusing the return the Contingent Settlement Funds to Bancorp is the result of (i) Defendants' belief that they are entitled to additional monies from Bancorp pursuant to the Purchase Agreement as a result of alleged "mistakes" in the closing statement prepared in connection with the closing of the SVS sale; and (ii) Defendants' belief that they are entitled to offset these monies against the funds admittedly due and owing to Bancorp.

88.     Both of these beliefs are incorrect.  Defendants are not entitled to additional monies as a result of any alleged "mistakes" in the closing statement, nor are they entitled to offset any such monies allegedly owed to Defendants against the monies admittedly due and owing to Bancorp.

89.     BankFirst bore the risk of any errors in the Deposit Accounts and agreed and is responsible to indemnify and hold harmless Bancorp as a result of any such errors.

90.     Moreover, BankFirst and Marshall Bank are not authorized to offset monies they claim are due and owing under the Purchase Agreement against the Contingent Settlement Funds.

91.     Therefore, a judicial declaration is necessary and appropriate at this time under the circumstances in order that Bancorp may ascertain its rights and duties pursuant to the Purchase Agreement and the Card Agreements and a judicial determination and a declaration

may be made that Defendants are not entitled to the additional monies they claim pursuant to the Purchase Agreement.

92.     Defendants currently refuse to release over $1.5 million that even they admit is Bancorp's money, and they have expressly indicated that they intend to continue with their refusal to release the funds.

93.     Bancorp is being damaged by the continued withholding of large sums of money which admittedly belong to Bancorp.

WHEREFORE, Bancorp demands judgment against Defendants BankFirst and Marshall Bank, a declaration that Defendants are not entitled to the additional monies they claim pursuant to the Purchase Agreement, a declaration that Defendants are not entitled to offset the additional monies they claim against the reserve accounts, along with such other relief as the Court deems just and equitable.

WOLFBLOCK LLP

 /s/  Kathleen M. Jennings
Kathleen M. Jennings (No. 913)
Karen V. Sullivan (No. 3872)
1100 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 777-5860 - Telephone
(302) 777-5863 - Facsimile
Attorneys for Plaintiff Bancorp

Dated:  October 9, 2008